**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**TIMMY DALE WHITAKER**                                                   **PLAINTIFF**

**v.**                                                                                            **No. 1:05CV147-D-A**

**JIMMY R. TAYLOR, ET AL.**                                                 **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the July 15, 2005, motion by the *pro se* prisoner plaintiff for a temporary restraining order or preliminary injunction. The plaintiff complains that the Alcorn County Sheriff attacked him, injuring the plaintiff's neck – then refused to take the plaintiff to the doctor for medical treatment. The plaintiff alleges that neck pain disrupts his sleep and seeks an order from this court directing the Alcorn County Sheriff to take the plaintiff to the doctor for treatment of the plaintiff's neck.

A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). A preliminary injunction is

an extraordinary remedy, *Cherokee Pump*, 38 F.3d at 249j, "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

The plaintiff has not alleged a substantial threat of irreparable injury if the injunction does not issue; he states only that his neck hurts and disrupts his sleep. This type of physical discomfort does not rise to the level of a substantial threat of irreparable injury. As such, the instant motion for a temporary restraining order or preliminary injunction shall be denied. A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 22nd day of August, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE