# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**TIMMY DALE WHITAKER**                                                 **PLAINTIFF**

**v.**                                                       **No. 1:05CV147-D-A**

**SHERIFF JIMMY R. TAYLOR, ET AL.**                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

On October 20, 2005, plaintiff Timmy Dale Whitaker, an inmate in the custody of the Mississippi State Penitentiary with inmate number 48914, appeared before the undersigned for a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. § 1983. A plaintiff's claim shall be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this lawsuit.[1]

This case presents the court with a claim that defendant Sheriff Jimmy R. Taylor used excessive force against the plaintiff while he was detained in the Alcorn County Jail, injuring the plaintiff's neck, then directed an employee to transport the plaintiff to another jail in another county. Plaintiff was transported to two different county jails, and then returned to Alcorn County when each of those jails learned that plaintiff was seeking medical attention. The plaintiff alleges that various defendants denied the plaintiff medical care for injuries he received as a result of that excessive force. For the reasons set forth below, the plaintiff's claims against defendants Jeremy Page, Administrator Brian (last name unknown), and Denise Kirksey shall be

---

[1] 28 U.S.C. § 1915(g).

dismissed for failure to state a claim upon which relief could be granted. The plaintiff's claims against the remaining defendants – Sheriff Jimmy R. Taylor, Jail Administrator Tommy Hopkins, Jailor Betty Strickland, Jailor Summer Stranten, Jailor Chris Webb, and Transport Officer Tracy Bullard – shall proceed.

## Discussion

According to plaintiff, Prentiss County Jailors Jeremy Page and Denise Kirksey and Monroe County Jail Administrator Brian (last name unknown) held the plaintiff at their respective jails only as long as it took to arrange his transport back to the Alcorn County Jail for treatment of his neck injury. Each defendant's actions must be considered separately from the actions of the other defendants in evaluating such a claim. *Stewart v. Murphy*, 174 F.3d 530 (5th Cir. 1999). The longest delay for the plaintiff was at the Monroe County Jail, where the plaintiff spent about six hours – from about 5:30 a.m. to 11:30 a.m. The plaintiff was clearly not facing a medical emergency at the time as his injury was merely a painful and stiff neck. Each of these defendants merely delayed the plaintiff's medical care for a few hours in order to transport the plaintiff back to the jail where he suffered his injuries. Such a short delay does not constitute deliberate indifference to the plaintiff's serious medical needs; in order to maintain a claim for delayed medical treatment the defendants must have been deliberately indifferent, and the plaintiff must have suffered substantial harm from the delay itself. *Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993). The plaintiff has not alleged that he suffered substantial harm from the delay caused by these defendants transporting him back to the Alcorn County Jail. For these reasons, the undersigned recommends that the plaintiff's claims against Jeremy Page, Administrator Brian (last name unknown), and Jailor Denise Kirksey be dismissed with prejudice for failure to state a claim upon which relief could be granted.

The plaintiff did, however, spend weeks at the Alcorn County Jail – the place where he received injuries. The defendants there had many opportunities to provide the plaintiff medical care, and he requested such care frequently. The plaintiff alleges that they simply refused to do so. As such, the plaintiff has stated a claim against Sheriff Jimmy R. Taylor, Jail Administrator Tommy Hopkins, Jailor Betty Strickland, Jailor Summer Stranten, Jailor Chris Webb, and Transport Officer Tracy Bullard for denial of medical care. In addition, the plaintiff has stated a claim against Sheriff Jimmy R. Taylor for use of excessive force. The plaintiff's claims against these defendants shall proceed.

### Handling of Objections, Acknowledgment of Receipt

The court refers the parties to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within ten (10) days of this date. The plaintiff is warned that failure to comply with the requirements of this

paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this 27th day of October, 2005.

/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE