IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TIMMY DALE WHITAKER**                                        **PLAINTIFF**

v.                                                                              No. 1:05CV147-D-A

**SHERIFF JIMMY TAYLOR, ET AL.**                               **DEFENDANTS**

**MEMORANDUM OPINION GRANTING IN PART,
DENYING IN PART, DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

This matter comes before the court on the *pro se* prisoner complaint of Timmy Dale Whitaker (# 48914), who challenges the conditions of his confinement under 42 U.S.C. § 1983. The defendants have moved for summary judgment; the plaintiff has responded, and the court has been fully briefed. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion for summary judgment shall be denied.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue

for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Discussion**

The plaintiff alleges that the defendant Alcorn County Sheriff Jimmy Taylor – without provocation – ordered the plaintiff's cell to be opened, then yanked the plaintiff out of his cell,

threw him to the floor of the jail, and pinned the plaintiff down by pressing the sheriff's knees into the plaintiff's neck and back. The plaintiff complained that the attack injured his neck and that he immediately asked for medical attention, but the sheriff ignored the complaints and ordered that the plaintiff be taken to another jail. After several unsuccessful attempts to deliver the plaintiff to other jails, he was returned to the Alcorn County Jail, where, despite his repeated *verbal* requests, he did not receive medical treatment. However, when the plaintiff submitted a *written* medical request sheet fifty-two days later, he received prompt medical treatment for his neck.

The plaintiff's claims of denial of medical care must fail. First, the plaintiff knew prior to the incident that the Alcorn County Jail uses forms for inmates to request medical care. Indeed, the plaintiff had filled out several such forms in the past and received prompt treatment.[1] Obviously, an inmate in need of emergency medical care (*e.g.*, one with a deep stab wound – or showing signs of cardiac arrest) would not be required to submit a written request for treatment. Inmates with common illnesses or minor injuries, however, must use the written forms. The plaintiff's sore neck clearly fell into the latter category. The plaintiff does not dispute that he received medical treatment for neck pain, ear pain, and tinnitus each time he submitted a medical request form. As such, the court finds that the plaintiff's failure to submit a completed medical request form caused the fifty-two day delay in his medical treatment. His claims for denial of medical treatment against the defendants shall thus be dismissed.

---

[1]The plaintiff filled out a medical request form complaining of a painful neck on May 31, 2005, and was examined, treated, and given a prescription the same day. He filled out a second medical request form the next day – again complaining of a painful neck – and was treated that day.

The plaintiff's allegations regarding the attack by Sheriff Taylor state a viable constitutional claim of excessive force – one the court cannot resolve on summary judgment. Viewing the facts presented thus far in the light most favorable to the non-moving party (the plaintiff in this case), the plaintiff states that Sheriff Taylor attacked him without any justification at a time when the plaintiff posed no danger and was committing no infraction. The plaintiff argues further that the attack injured his neck and led to the onset of tinnitus in his left ear. The defendants' proof that the plaintiff's neck was already injured is a double-edged sword. On one hand, the evidence might be used to show that the plaintiff was not injured during the incident. On the other hand, however, the evidence might show that the attack aggravated an existing injury. On summary judgment, the court must view facts in the light most favorable to the non-moving party. The facts adduced thus far, viewed in the light most favorable to the plaintiff, state a claim of excessive force. This set of facts also overcomes the defense of qualified immunity, as such an unprovoked attack is objectively unreasonable under the test set forth in *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998). For this reason, the plaintiff's claim against defendant Alcorn County Sheriff Jimmy Taylor for excessive force shall proceed.

In sum, the motion by the defendants for summary judgment shall be granted in part and denied in part. The plaintiff's claims against the defendants for denial of medical care shall be dismissed. As such, all defendants except Sheriff Jimmy Taylor shall be dismissed from this case. The plaintiff's excessive force claim against Sheriff Jimmy Taylor shall, however, proceed. A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 26th day of October, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE