**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**TIMMY DALE WHITAKER**                                                              **PLAINTIFF**

**v.**                                                                                    **No. 1:05CV147-M-A**

**JIMMY R. TAYLOR, ET AL.**                                                         **DEFENDANTS**

**ORDER GRANTING IN PART PLAINTIFF'S MOTION [134]
TO SUBPOENA WITNESSES, DISMISSING MOTION [140]
FOR WRIT OF *HABEAS CORPUS AD TESTIFICANDUM***

This matter comes before the court on the plaintiff's motion [134] to subpoena witnesses and his motion [140] for a writ of *habeas corpus ad testificandum*. At the pretrial/settlement conference held on February 7, 2008, the plaintiff informed the court that he wished to ensure the presence of inmates Perry Mask (# T4238), Kerry Pruitt (# R0058), Rodarius Stewart (# 122437), and Bennie Ross (# N6080). The court shall ensure the presence of these inmates for the June 16, 2008, trial, if they are still incarcerated at that time.

The plaintiff also stated that he wished to subpoena Summer Stranton to ensure that he could benefit from her testimony at trial. Although 28 U.S.C. § 1915 does not permit the court to cover the cost of subpoenas for free world witnesses, the plaintiff stated that he would be willing and able to pay the statutory mileage fee of $0.485 per mile and the per diem rate of $30.00 per day to secure the presence of Ms. Stranton. The defendants informed the court that Ms. Stranton no longer worked for the Alcorn County Sheriff's Department; as such, in order for the court to issue a subpoena to secure Ms. Stranton's presence at trial, the plaintiff must provide the court with a valid address for service of process upon her.

In addition, *before* the court may issue a subpoena upon Ms. Stranton, the plaintiff must tender to the Clerk of the Court – via a cashier's check or money – order the first day's witness per diem rate of $30.00 – *and* mileage fee equal to $0.485 per mile (using the distance from the witness's home address, which the plaintiff must provide, to the courthouse in Oxford, Mississippi).

Finally, the plaintiff has requested for the court to ensure that inmate Harold Barnes attends the trial of this matter to testify "as a medical examiner of plaintiff's medical records" and that the plaintiff's alleged neck injury "led to the onset of the tinnitus "ringing" in the plaintiff's left ear." The plaintiff alleges that inmate Barnes was "in the medical field" before his incarceration with the Mississippi Department of Corrections. The plaintiff thus seeks to use inmate Barnes as an expert witness at the trial of this case. The plaintiff has not, however, provided the court or the defendants with Mr. Barnes' qualifications to testify to these matters. As such, the plaintiff's motion for a writ of *habeas corpus ad testificandum* to ensure the presence of inmate Harold Barnes at trial shall be denied.

In sum, the plaintiff's motion [134] for the court to issue a subpoena to ensure the presence of Ms. Summer Stranton at trial is hereby **GRANTED**, provided the plaintiff submits to the court the proper mileage and per diem fees as described above. The plaintiff's motion [140] to use inmate Harold Barnes as an expert medical witness is hereby **DENIED.**

**SO ORDERED,** this the 2nd day of April, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**